*KOH*
TFH/PLC: USAO 2022R00202

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | **CASE NO. TDC-22-180** |
| | * | |
| **ANTIONE WILLIAM TUCKSON and** | * | **(Conspiracy, 18 U.S.C. § 371; False** |
| **NIJEA NICOLE RICH,** | * | **Impersonation of an Officer and** |
| | * | **Employee of the United States, 18** |
| **Defendants** | * | **U.S.C. § 912; Felon in Possession of** |
| | * | **Firearm, 18 U.S.C. § 922(g)(1);** |
| | * | **Aiding and Abetting, 18 U.S.C. § 2;** |
| | * | **Forfeiture 18 U.S.C. § 924(d); 21** |
| | * | **U.S.C. 853(p), 28 U.S.C. § 2461(c))** |
| | * | |

**\*\*\*\*\*\*\***

## SUPERSEDING INDICTMENT

### COUNT ONE
### (Conspiracy)

The Grand Jury for the District of Maryland charges that:

At all times relevant to this Superseding Indictment:

### Introduction

1.      The United States Department of Justice ("DOJ") was a federal executive department of the United States government.  The United States Marshals Service ("USMS") was a federal law enforcement agency and bureau within the DOJ.  Deputy United States Marshals are officers and employees of the USMS.

2.      In limited circumstances, USMS deputized Special Deputy United States Marshals.  Special Deputy United States Marshals were temporarily authorized to perform the functions of a Deputy United States Marshal.  Special Deputy United States Marshals were officers of the USMS.

3.      **ANTIONE WILLIAM TUCKSON** ("**TUCKSON**") and **NIJEA NICOLE RICH** ("**RICH**") were not Deputy United States Marshals or otherwise officers or employees of the United States Marshals Service.

4.      Restaurant 1 was a restaurant located in District Heights, Maryland.

### The Conspiracy and its Object

5.      From at least in and around June 2021, through on or about March 7, 2022, in the District of Maryland and elsewhere, the defendants,

**ANTIONE WILLIAM TUCKSON and**
**NIJEA NICOLE RICH,**

with each other and others known and unknown to the Grand Jury, did knowingly and willfully combine, conspire, and confederate to commit offenses against the United States, specifically, to falsely assume and pretend to be officers and employees acting under the authority of the United States and act as such, and in such pretended character, to demand and obtain any money, paper, document, and thing of value.

### Manner and Means of the Conspiracy

6.      The manner and means by which **TUCKSON** and **RICH** sought to accomplish the purpose of the conspiracy included, among other things, the following:

a.      **TUCKSON** and **RICH** used law enforcement gear, fake identification cards and other fraudulent documents, firearms, and other equipment and items to pretend to be and act as Deputy United States Marshals.

b.      **TUCKSON** and **RICH** used interstate wires including cellular telephones to communicate regarding their impersonation of Deputy United States Marshals.

c.      **TUCKSON** and **RICH** falsely held themselves out as Deputy United States Marshals to secure employment as armed security guards and to deceive others into

2

believing that **TUCKSON** and **RICH** had federal law enforcement authority as Deputy United States Marshals while working as armed security guards.

**Overt Acts**

7.      In the District of Maryland and elsewhere, **TUCKSON** and **RICH** committed the following overt acts in furtherance of the conspiracy:

a.      On or about June 24, 2021, **RICH** signed a fraudulent United States Marshals Service Application for Special Deputation to create the false appearance that **RICH** was deputized as a Special Deputy United States Marshal to provide security escort services on or about June 25, 2021.  The fraudulent application lists **TUCKSON** as **RICH's** sponsor.

b.      On or about December 31, 2021, **RICH** signed a fraudulent United States Marshals Service Application for Special Deputation to create the false appearance that **RICH** was deputized as a Special Deputy United States Marshal to provide security services to federal government employees and civilians on or about December 31, 2021, through January 1, 2022. The fraudulent application lists **TUCKSON** as **RICH's** sponsor.

c.      On or about March 6, 2022, **TUCKSON** falsely identified himself to Prince George's County Police as a Deputy United States Marshal while working as an armed security guard at Restaurant 1.

d.      On or about March 6, 2022, **RICH** falsely identified herself as a Deputy United States Marshal and supervisor of **TUCKSON**, and falsely told Prince George's County Police that **TUCKSON** was a Deputy United States Marshal.

e.      On or about March 7, 2022, **RICH** falsely identified herself as a Deputy United States Marshal to an employee of the Prince George's County Animal Services Division

3

("ASD") to secure the release of a dog that was taken into custody by ASD after **TUCKSON**

was arrested for impersonating a Deputy United States Marshal.

18 U.S.C. § 371

## COUNT TWO
### (False Impersonation of an Officer or Employee of the United States)

The Grand Jury for the District of Maryland further charges that:

1.      Paragraphs 1 through 4, 6, and 7 of Count One of this Superseding Indictment are incorporated here.

2.      On or about March 6, 2022, in the District of Maryland, the defendants,

**ANTIONE WILLIAM TUCKSON and**
**NIJEA NICOLE RICH,**

did knowingly and falsely assume and pretend to be officers and employees acting under the authority of the United States and did act as such, and in such pretended character demanded and obtained any money, paper, document, and thing of value, that is: did hold themselves out to be Deputy United States Marshals and did identify themselves as Deputy United States Marshals.

18 U.S.C. § 912
18 U.S.C. § 2

5

## COUNT THREE
### (Felon in Possession of Firearm)

The Grand Jury for the District of Maryland further charges that:

On or about March 6, 2022, in the District of Maryland, the defendant,

### ANTIONE WILLIAM TUCKSON,

knowing he had previously been convicted of a crime punishable by imprisonment for a term

exceeding one year, did knowingly and intentionally possess a firearm, that is, a loaded Glock

Model 19, 9mm caliber, semi-automatic pistol, and the firearm was in and affecting commerce.

18 U.S.C. § 922(g)(1)

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1.      Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the defendants that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 924(d), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), in the event of the defendant **ANTIONE WILLIAM TUCKSON**'s conviction under Count Three of this Superseding Indictment.

### Firearms and Ammunition Forfeiture

2.      Upon conviction of the offense set forth in Count Three of this Superseding Indictment, the defendant,

### ANTIONE WILLIAM TUCKSON,

shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in that offense, including, but not limited to:

      a.      a Glock Model 19, 9mm caliber, semi-automatic pistol, bearing serial number BESD388; and

      b.      approximately 11 rounds of 9mm ammunition contained therein.

### Substitute Assets

3.      If, as a result of any act or omission of the defendant, any such property subject to forfeiture:

      a.      cannot be located upon the exercise of due diligence;

      b.      has been transferred or sold to, or deposited with, a third person;

      c.      has been placed beyond the jurisdiction of the Court;

      d.      has been substantially diminished in value; or

e.       has been commingled with other property which cannot be subdivided

without difficulty,

the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), shall

be entitled to forfeiture of substitute property up to the value of the forfeitable property described

above.

18 U.S.C. § 924(d)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

Erek L. Barron /pc
Erek L. Barron
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**

Foreperson

Date:  October 5, 2022

8